UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES EDWARD JENKINS,

    Petitioner,

v.

CASE NO. 2:14-CV-12355
HONORABLE SEAN F. COX
UNITED STATES DISTRICT JUDGE

DUNCAN MACLAREN,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

Charles Edward Jenkins, ("Petitioner"), incarcerated at the West Shoreline Correctional Facility in Muskegon Heights, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his convictions for assault with intent to commit great bodily harm less than murder, Mich. Comp. Laws, § 750.84, and being a fourth felony habitual offender, Mich. Comp. Laws, § 769.12. For the reasons stated below, the petition for writ of habeas corpus is **DENIED WITH PREJUDICE.**

### I. Background

Petitioner was originally charged with assault with intent to murder. A jury convicted Petitioner in Wayne County Circuit Court of the lesser offense of assault with intent to do great bodily harm. Petitioner was sentenced as a fourth felony habitual offender to 10 to 30

years in prison.

This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith*, 581 F. 3d 410, 413 (6th Cir. 2009):

> Defendant and the victim, Jason Hawkins, were neighbors. In the summer of 2010, they had an argument culminating in a physical altercation. Despite this confrontation, Hawkins believed that his relationship with defendant became stable and they resumed normal relations.
>
> On October 4, 2010, Hawkins was staying with his girlfriend who lived a couple of streets away because he had bedbugs in his house. He had left his house unlocked, however, because he was in the process of moving. That night, Javontae Thomas, who Hawkins referred to as his nephew and as "Louie," was walking by Hawkins' house and saw defendant breaking in, taking two speakers, and loading them into a van. Louie immediately went to Hawkins and informed him of defendant's actions.
>
> Hawkins, Louie, Deangelo Hawkins (Jason Hawkins' nephew), and another man drove to the house and saw defendant with the speakers. Hawkins approached defendant and they exchanged words. According to Hawkins, defendant started shooting. The four men scattered and defendant continued shooting. Hawkins ran toward his house and defendant pursued him. Defendant continued to shoot until he eventually struck Hawkins in the back with a bullet. Hawkins was able to stagger to the car and heard defendant say: "yeah, I told you I was gonna get you."
>
> At trial, defendant testified to a much different chain of events. He claimed that after the altercation in the summer of 2010, he feared for his life and believed that Hawkins would assault him again. Defendant's girlfriend likewise testified that after the altercation, she believed defendant's life was in danger. Defendant obtained a gun for protection. On the night of the shooting, defendant denied entering Hawkins' house or stealing his speakers. He claimed that he was near his van that night because he was retrieving his son's diaper bag.
>
> When defendant saw Hawkins and the other men approach him, he thought he was about to die. He testified that one of the men was carrying a club and

>Hawkins stated that they were about to hurt defendant. According to defendant, the men approached him, and he started shooting in an attempt to scare them away. He claimed that he was not shooting at anyone in particular, he did not chase Hawkins, and he did not reload his weapon. Defendant also denied even knowing that Hawkins had been shot.

*People v. Jenkins*, No. 304644, 2013 WL 3022174, at *1 (Mich. Ct. App. June 18, 2013).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 495 Mich. 882, 838 N.W.2d 547 (2013).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. The trial court violated defendant's due process rights by permitting the jurors to ask questions of witnesses during trial.

II. The trial court violated defendant's due process rights to present a defense and cross-examine a key prosecution witness by excluding evidence that the witness subsequently threatened defendant's girlfriend after the first day of trial, where it was offered to show motive and intent for aggression during the charged incident.

III. The trial court violated defendant's due process rights by permitting the prosecutor to impeach defendant's trial testimony with unfairly prejudicial evidence of a prior conviction for carjacking, where defendant was on trial for assault with intent to murder, and both charges involved crimes of violence.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

>An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>>(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal

> law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

### III. Discussion

#### A. Claim # 1. The jury questioning claim.

Petitioner first claims that the trial court erred in permitting the jurors to ask the witnesses questions in this case.[1]

---

[1] Respondent claims that Petitioner's first two claims are procedurally defaulted because he failed to object at trial. Procedural default is not a jurisdictional bar to review of a habeas petition the merits. *See Trest v. Cain*, 522 U.S. 87, 89 (1997). In addition, "[F]ederal courts are not required to address a procedural-default issue before

4

Although federal courts discourage questions by jurors in federal criminal trials, there are no cases which indicate that questions by jurors implicate a specific constitutional guarantee. Therefore, juror questions are reviewed on habeas review for a violation of due process. *See Wheeler v. Jones,* 59 F. App'x 23, 30 (6th Cir. 2003) (internal citation omitted). In this case, the trial court's decision to allow the jurors to ask witnesses questions did not violate Petitioner's right to a fundamentally fair trial, therefore, Petitioner is not entitled to a writ of habeas corpus on this claim. *Id.*

### B. Claim # 2. The right to present a defense/Confrontation Clause claim.

Petitioner next claims that the trial court violated his right to present a defense and the right to confrontation by precluding him from questioning Louie about a threat that this witness allegedly made to Petitioner's girlfriend after the first day of trial.

Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he also has the right to present his own witnesses to establish a defense. This right is a fundamental element of the due process of law. *Washington v. Texas*, 388 U.S. 14, 19 (1967); *see also Crane v. Kentucky,* 476 U.S. 683, 690 (1986) ("whether rooted directly in the Due Process Clause of the Fourteenth Amendment, or in the Compulsory Process or Confrontation clauses of the Sixth Amendment, the Constitution guarantees criminal defendants 'a meaningful opportunity to

---

deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F. 3d 212, 215 (6th Cir.2003)(citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. Because Petitioner's first and second claims are meritless, the Court finds that the interests of judicial economy are best served by addressing the merits of Petitioner's first and second claims.

5

present a complete defense'") (internal citations omitted). However, an accused in a criminal case does not have an unfettered right to offer evidence that is incompetent, privileged, or otherwise inadmissible under the standard rules of evidence. *Montana v. Egelhoff*, 518 U.S. 37, 42 (1996). The Supreme Court, in fact, has indicated its "traditional reluctance to impose constitutional constraints on ordinary evidentiary rulings by state trial courts." *Crane,* 476 U.S. at 689. The Supreme Court gives trial court judges "wide latitude" to exclude evidence that is repetitive, marginally relevant, or that poses a risk of harassment, prejudice, or confusion of the issues. *Id.* (*quoting Delaware v. Van Arsdall,* 475 U.S. 673, 679 (1986)).

Moreover, under the standard of review for habeas cases as enunciated in § 2254(d)(1), it is not enough for a habeas petitioner to show that the state trial court's decision to exclude potentially helpful evidence to the defense was erroneous or incorrect. Instead, a habeas petitioner must show that the state trial court's decision to exclude the evidence was "an objectively unreasonable application of clearly established Supreme Court precedent." *See Rockwell v. Yukins,* 341 F. 3d 507, 511-12 (6th Cir. 2003).

"[T]he Confrontation Clause guarantees only 'an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, that the defendant might wish.'" *United States v. Owens*, 484 U.S. 554, 559 (1988) (internal quotations omitted). The Confrontation Clause of the Sixth Amendment does not prevent a trial judge from imposing limits on a defense counsel's inquiry into potential bias of a prosecution witness; to the contrary, trial judges retain wide latitude insofar as the

Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, a witness' safety, or interrogation that is repetitive or only marginally relevant. *Delaware v. Van Arsdall*, 475 U.S. at 679.

Petitioner argues that the threat by Louie towards his girlfriend was admissible to show that there was continuing animosity between the witnesss and Petitioner. Petitioner argues that the threat was admissible to show that Louie was biased against Petitioner and had a motive to fabricate his testimony.

The Michigan Court of Appeals rejected this portion of Petitioner's claim:

> We similarly reject defendant's claim that reversal is required because of an infringement on his right to confront Louie. First, while defendant claims that he should have been allowed to probe a potential bias Louie harbored for Hawkins, the evidence at trial demonstrated that Louie was closely associated with Hawkins, as Hawkins even referred to Louie as his nephew. Louie and Hawkins also acted in concert when driving to Hawkins' house with the intent to prevent defendant from stealing Hawkins' speakers.

*Jenkins*, No. 2013 WL 3022174, at *3.

Louie also admitted at trial that they were going to "beat" Petitioner. *Id.*

In light of the fact that any testimony concerning Louie's threat to Petitioner's girlfriend would have been cumulative to other impeachment evidence that tended to show Louie's bias against Petitioner and for the assault victim, the exclusion of this threat did not violate Petitioner's right to confrontation or his right to present a defense. *See Washington v. Renico*, 455 F.3d 722, 728-29 (6th Cir. 2006).

Petitioner further claims that evidence of Louie's subsequent threat to Petitioner's

7

girlfriend should have been admissible to show that Louie had a motive and intent for aggression during the shooting incident, so as to support Petitioner's self-defense claim.

Petitioner is not entitled to relief on this claim. In rejecting the claim, the Michigan Court of Appeals noted that:

> In regard to the right to present a defense, defendant presented significant evidence of his theory of self-defense. The prosecution witnesses and defendant testified that Hawkins and the other men drove in the van to confront defendant, which tended to show that Hawkins was the initial aggressor. Louie even admitted that they were going to "beat" defendant. Defendant also testified that he fired the gunshots because he feared for his life, he did not aim at anyone, he never chased Hawkins, and Hawkins had threatened him. Through defendant's own testimony and that of his girlfriend, he also presented evidence regarding past confrontations with Hawkins as further proof that his fear was reasonable. Thus, "it is patent from a review of the trial record that defendant was allowed to present evidence in the form of his testimony" and that of his girlfriend, "which, if the jury believed, would have provided defendant a complete defense to the charges brought against him. Consequently, we reject defendant's claim that constitutional error occurred[.]"

*Jenkins*, No. 2013 WL 3022174, at *3 (internal quotation omitted).

Louie's subsequent threat to Petitioner's girlfriend would have, at best, been cumulative of ample evidence that had been offered in support of Petitioner's self-defense claim. Because Louie's subsequent threat would have been cumulative of other evidence that Petitioner had acted in self-defense, the Michigan Court of Appeals' determination that the exclusion of this evidence did not violate Petitioner's right to present a defense was not an unreasonable application of clearly established law, so as to entitle Petitioner to relief. *See Blanton v. Elo*, 186 F.3d 712, 715-16 (6th Cir. 1999).

Finally, assuming that the judge erred in excluding testimony of Louie's subsequent

8

threat to Petitioner's girlfriend, any error would have been harmless. In *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993), the U.S. Supreme Court held that for purposes of determining whether federal habeas relief must be granted to a state prisoner on the ground of federal constitutional error, the appropriate harmless error standard to apply is whether the error had a substantial and injurious effect or influence in determining the jury's verdict.

The evidence in this case shows that Petitioner chased after Hawkins and shot him in the back. Hawkins was unarmed at the time. To be lawful self-defense under Michigan law, the evidence must show that: (1) the defendant honestly and reasonably believed that he was in danger; (2) the danger feared was death or serious bodily harm or imminent forcible sexual penetration; (3) the action taken appeared at the time to be immediately necessary; and (4) the defendant was not the initial aggressor. *See Johnigan v. Elo,* 207 F. Supp. 2d 599, 608-09 (E.D. Mich. 2002) (citing *People v. Barker*, 437 Mich. 161, 165; 468 N.W. 2d 492 (1991); *People v. Kemp*, 202 Mich. App. 318, 322; 508 N.W.2d 184 (1993); *People v. Deason*, 148 Mich. App. 27, 31; 384 N.W.2d 72 (1985)). Under Michigan law, a defendant is not entitled to use any more force than is necessary to defend himself. *Johnigan,* 207 F. Supp. 2d at 609 (citing *Kemp*, 202 Mich. App. at 322). "[T]he law of self-defense is based on necessity, and a killing or use of potentially lethal force will be condoned only when the killing or use of potentially lethal force was the only escape from death, serious bodily harm, or imminent forcible sexual penetration under the circumstances." *Johnigan,* 207 F. Supp. 2d at 609 (internal citation omitted).

In light of the fact that Petitioner shot the victim in the back while he was unarmed,

9

a reasonable jury could have concluded that Petitioner's actions were inconsistent with acting in self-defense. Accordingly, the exclusion of evidence of Louie's subsequent threat did not have a substantial or injurious effect on Petitioner's case so as to entitle him to habeas relief. *See Fleming v. Metrish*, 556 F.3d 520, 537 (6th Cir. 2009).

### C. Claim # 3. The prior conviction claim.

Petitioner claims that the trial court erred in permitting the prosecutor to use Petitioner's prior carjacking conviction for impeachment purposes.

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. *Id.* Thus, errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *See Seymour v. Walker,* 224 F. 3d 542, 552 (6th Cir. 2000).

Petitioner's challenge to the state trial court's decision to allow the prosecutor to use Petitioner's prior conviction for impeachment purposes is not cognizable on habeas review, because it does not present a constitutional issue. *See Peoples v. Fulcomer,* 731 F. Supp. 1242, 1244 (E.D. Pa. 1990). This Court concludes that the prosecutor's impeachment of Petitioner with evidence of his prior carjacking conviction did not render the trial so unfair as to warrant federal habeas relief. *See Shacks v. Tessmer,* 9 F. App'x 344, 353 (6th Cir. 2001).

To the extent that Petitioner claims that the prosecution violated M.R.E. 404(b) by admitting this evidence to show his propensity to violence, petitioner would not be entitled to relief because such a claim is non-cognizable on habeas review. *Bey v. Bagley,* 500 F 3d 514, 519 (6th Cir. 2007). The admission of this "prior bad acts" or "other acts" evidence against Petitioner at his state trial does not entitle him to habeas relief, because there is no clearly established Supreme Court law which holds that a state violates a habeas petitioner's due process rights by admitting propensity evidence in the form of "prior bad acts" evidence. *See Bugh v. Mitchell,* 329 F. 3d 496, 512 (6th Cir. 2003).

### D. The reply brief.

In his reply brief, Petitioner for the first time appears to be raising additional claims that were not raised in his initial habeas petition, nor raised in his appeal before the Michigan appellate courts, namely, his allegations that trial and appellate counsel were ineffective.

A traverse or reply to an answer to a petition for writ of habeas corpus is not the proper pleading for a habeas petitioner to raise additional grounds for relief. *Burns v. Lafler,* 328 F. Supp. 2d 711, 724 (E.D. Mich. 2004). "[A] court cannot consider new issues raised in a traverse or reply to the State's answer." *Id.* Because these claims are being presented for the first time in Petitioner's reply brief, rather than in his habeas petition, this Court declines to address these claims, because they are not properly before this Court. *See Murphy v. Ohio*, 551 F. 3d 485, 502 (6th Cir. 2009); *see also Tyler v. Mitchell,* 416 F. 3d 500, 504 (6th Cir. 2005).

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See also Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002). The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed.R.App. P. 24(a).

## V. ORDER

Based upon the foregoing, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** That a certificate of appealability is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner will be denied leave to appeal *in forma pauperis*.


Dated:  April 1, 2015                             S/ Sean F. Cox
                                                  Sean F. Cox
                                                  U. S. District Judge


I hereby certify that on April 1, 2015, the foregoing document was served on counsel of record via electronic means and upon Charles Jenkins via First Class mail at the address below:

CHARLES JENKINS 243429
EARNEST C. BROOKS CORRECTIONAL FACILITY
2500 S. SHERIDAN DRIVE
MUSKEGON HEIGHTS, MI 49444


                                                  S/ J. McCoy
                                                  Case Manager